[Cite as *Riotte v. Cleveland*, 195 Ohio App.3d 387, 2011-Ohio-4507.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96129**

---

## RIOTTE, ADMR.,

APPELLEE,

v.

## CITY OF CLEVELAND ET AL.,

APPELLANTS.

---

**JUDGMENT:**
**AFFIRMED IN PART, REVERSED IN PART**
**AND REMANDED**

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-730270

**BEFORE:** Jones, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** September 8, 2011

David B. Malik and Dennis J. Niermann; and Keis George, L.L.P., and Warren S.

George, for appellee Samuel Riotte.

Patrick Dichiro, for appellee Michael Matson.

Stewart & Dechant Co., L.P.A., and Samuel V. Butcher; Rawlin Gravens Co., L.P.A., and Terrance P. Gravens; and Ronald M. Mottl, for appellee Parma Towing.

George J. Emershaw, for appellee Andre Stowers.

Robert J. Triozzi, Cleveland Law Director, Jennifer Meyer, Assistant Law Director, and Thomas J. Kaiser, Chief Trial Counsel, for appellant.

LARRY A. JONES, Judge.

{¶ 1} Defendants-appellants, the city of Cleveland and Officer Daniel Brill, appeal the trial court's judgment denying their Civ.R. 12(B)(6) motion to dismiss. We affirm in part and reverse in part the judgment and remand the cause.

I

{¶ 2} Samuel Riotte, administrator of the estate of Emil Azzam, filed this action against several defendants, including the city of Cleveland and Cleveland Police Officer Daniel Brill. The first amended complaint alleges the following. On December 12, 2008, Azzam was traveling south on State Route ("SR") 176 in the city of Cleveland. The weather conditions were winter-like, with snow and ice. Azzam's vehicle "ended up on SR 176 on the roadway median headed in a Southeast direction."

{¶ 3} An off-duty officer called 9-1-1 and indicated that a vehicle was "off the road and facing in the wrong direction." Another vehicle struck Azzam's vehicle, and 9-1-1

was again called by at least two people. Officer Brill responded to the scene approximately 20 minutes after one of the 9-1-1 calls reporting that Azzam's vehicle had been struck. The officer approached Azzam's vehicle, looked inside, saw that the driver's side airbag had deployed, went back to his cruiser, and called for a tow truck.

{¶ 4} Approximately 30 minutes later, a tow truck arrived. Azzam's vehicle was towed to an impound lot with Azzam in the vehicle. Azzam's body was discovered in his vehicle on December 15, 2008.[1]

{¶ 5} The complaint alleges that Azzam was alive when Brill approached the car and that his "negligent, willfull, wanton and reckless conduct" were the proximate cause of Azzam's death. Specifically, the complaint alleges that the officer failed to remove an obstruction (Azzam's vehicle) from a public roadway. The complaint alleges that the city is liable for the officer's conduct under the doctrine of respondeat superior. Further, the complaint seeks damages against the city for its alleged failure to discipline Brill.

{¶ 6} The city and Brill filed a Civ.R. 12(B)(6) motion to dismiss based on governmental immunity. Riotte opposed the motion. The trial court denied the defendants' motion, stating that the defendants "are not entitled to immunity against plaintiff's claims under Ohio Revised Code Chapter 2744." The city and Brill now raise the following assignments of error for our review:

[I] The trial court erred and improperly denied defendant-appellant

---

[1]The complaint alleges that Azzam's body was found on December 15, but the briefing by both parties indicates his body was found on December 14.

3

city's motion to dismiss because it is immune from plaintiff-appellee's claims under Ohio Revised Code Chapter 2744.

[II] The trial court erred as a matter of law when denying defendant-appellant Officer Brill's motion to dismiss because he is immune from liability under Chapter 2744.

[III] The trial court erred as a matter of law when it did not dismiss plaintiff-appell[ee]'s complaint under the Public Duty Doctrine because plaintiff-appellee cannot state a claim for individual recovery against defendants-appellants.

## II

{¶ 7} An order granting a Civ.R. 12(B)(6) motion to dismiss is subject to de novo review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In reviewing whether a motion to dismiss should be granted, we accept as true all factual allegations in the complaint. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. When granting a motion to dismiss under Civ.R. 12(B)(6), "[i]t must appear beyond doubt that plaintiff can prove no set of facts entitling [plaintiff] to relief." *Vail v. Plain Dealer Publishing Co.* (1995), 72 Ohio St.3d 279, 280, 649 N.E.2d 182.

## III

### A.   Governmental Immunity

{¶ 8} Under R.C. 2744.02(A)(1), political subdivisions are afforded a general grant of immunity from civil liability. The section provides:

{¶ 9} "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided

4

in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶ 10} There are exceptions to the general grant of immunity, and Riotte contends that the exception under R.C. 2744.02(B)(3) applies in this case. That section provides:

> Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
>
> * * *
>
> (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.

{¶ 11} R.C. 2744.03 provides several defenses for political subdivisions as follows:

> (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
>
> * * *
>
> (3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to

5

policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

{¶ 12} R.C. 2744.03(A)(6) governs immunity for an employee of a political subdivision and provides:

(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

* * *

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner[.]

{¶ 13} In *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, the Ohio Supreme Court interpreted the immunity statutes as setting forth a three-tiered analysis, stating the following:

Determining whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis. *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141. The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. Id. at 556-557, 733 N.E.2d 1141; R.C. 2744.02(A)(1). However, that immunity is not absolute. R.C. 2744.02(B); *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610.

The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. Id. at 28, 697 N.E.2d 610. At this tier, the court may also need to determine whether specific defenses to liability for negligent operation of a motor vehicle listed in R.C. 2744.02(B)(1)(a) through (c) apply.

If any of the exceptions to immunity in R.C. 2744.02(B) do apply and

no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability.

Id. at ¶ 7-9.

{¶ 14} The city and Brill contend that Riotte did not meet his burden under R.C. Chapter 2744 to demonstrate that the exception under R.C. 2744.02(B)(3) applies. In particular, the defendants contend that they *did* remove the obstruction (Azzam's vehicle) from the roadway and, therefore, under the plain language of the statute ("negligent *failure* to remove obstructions from public roads" [emphasis added]) the exception does not apply. Riotte contends that Brill and the city were negligent in failing to remove Azzam's disabled vehicle *prior to* the crash.

{¶ 15} Accepting the factual allegations in the complaint as true, which we are required to do, it is plausible that Riotte may be able to invoke an exception to the general grant of governmental immunity. The city and Brill contend that even if Riotte demonstrates that an immunity exception applies, they are nonetheless entitled to immunity because of the defense provided under R.C. 2744.03(A)(3) ("the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers"). We find, however, that the record is not developed enough at this point to determine whether Brill's actions involved policy-making, planning, or enforcement powers left to his discretion.

7

{¶ 16} Moreover, accepting the complaint's allegations as true, sufficient facts were alleged to survive a motion to dismiss on the issue whether Brill's "acts or omissions were * * * in a wanton or reckless manner," so as to possibly expose him to liability under R.C. 2744.03(A)(6)(b).

### B. Doctrine of Respondeat Superior

{¶ 17} "Under the doctrine of respondeat superior, a principal or employer may generally be held liable for tortious acts committed by its agents or employees if such acts occur within the scope of the employment relationship." *Pierson v. Rion*, Montgomery App. No. 23498, 2010-Ohio-1793, ¶ 44, citing *Clark v. Southview Hosp. & Family Health Ctr.* (1994), 68 Ohio St.3d 435, 438, 628 N.E.2d 46. For an act to fall within the scope of employment, it must be " ' "calculated to facilitate or promote the business for which the [employee] was employed." ' " *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 329, 587 N.E.2d 825, quoting *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 58, 565 N.E.2d 584, quoting *Little Miami RR. Co. v. Wetmore* (1869), 19 Ohio St. 110, 132.. The existence of respondeat superior liability depends on the existence of control by a principal or employer over an agent or employee. *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, 913 N.E.2d 939, ¶ 20.

{¶ 18} In general, if an act is committed within the scope of employment, it will be authorized, either expressly or implicitly, by the employer. *Anousheh v. Planet Ford, Inc.*, Montgomery App. Nos. 21960 and 21967, 2007-Ohio-4543, ¶ 45. "In that situation, the doctrine of *respondeat superior* liability will apply and the plaintiff need not prove

8

ratification to hold the employer liable." *Fulwiler v. Schneider* (1995), 104 Ohio App.3d 398, 406, 662 N.E.2d 82. A plaintiff must show ratification only where the employee's actions are outside the scope of employment. Id.; *Anousheh*.

{¶ 19} Whether an employee is acting within the scope of his employment is a question to be decided by the trier of fact. *Osborne* at 330. "Only when reasonable minds can come to but one conclusion does the issue regarding scope of employment become a question of law." Id.

{¶ 20} Here, the complaint set forth sufficient facts that could potentially support the city's liability under the theory of respondeat superior, and, as already discussed, the complaint also set forth sufficient facts to survive a motion to dismiss based on governmental immunity.

## C. Failure-to-Discipline Claim

{¶ 21} The city cites two cases in support of its position that it is immune from Riotte's claim that it failed to discipline Brill: *McCloud v. Nimmer* (1991), 72 Ohio App.3d 533, 595 N.E.2d 492, and *Hall-Pearson v. S. Euclid* (Oct. 8, 1998), Cuyahoga App. No. 73429.

{¶ 22} *McCloud* and *Hall-Pearson* stand for the proposition that providing police is a governmental function subject to statutory immunity, unless an exception applies. There is no immunity exception for failure to discipline, and based on the facts as alleged in the complaint, no other exception for this claim would apply. Thus, the defendants' motion to dismiss should have been granted as it related to Riotte's claim against the city

for its alleged failure to discipline Brill. In light of the above, the defendants' first assignment of error is overruled in part and sustained in part. The trial court's denial of the defendants' motion to dismiss is affirmed except as it related to Riotte's claim of failure to discipline Brill. The second assignment of error is overruled in toto.

### D. Public-Duty Rule

{¶ 23} The defendants contend in their third assignment of error that Riotte's action is barred under the public-duty rule. We disagree.

{¶ 24} The public-duty rule was adopted by the Ohio Supreme Court in *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468. Under the rule, a municipality owes a duty only to the general public when performing functions imposed on it by law and is therefore not liable for a breach of that duty resulting in harm to an individual, absent a special duty owed to the injured person. Id. at 230. In *Sawicki*, the Ohio Supreme Court also adopted a special-duty exception to the public-duty rule. The following elements need to be present for the exception to apply:

> (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured: (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agent and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking.

Id. at paragraph four of the syllabus.

{¶ 25} In a case subsequent to *Sawicki*, *Estate of Graves v. Circleville*, 124 Ohio St.3d 339, 2010-Ohio-168, 922 N.E.2d 201, the Ohio Supreme Court explained that at the

10

time it adopted the public-duty rule, R.C. Chapter 2744 had not been enacted and the court had judicially abrogated sovereign immunity as a defense for municipalities; thus, there was no immunity for political subdivisions. Accordingly, in *Estate of Graves*, the court noted that because political subdivisions and their employees now have statutory immunity, the "rationale behind [its] adoption of the public-duty rule in *Sawicki* is no longer compelling." *Estate of Graves*, ¶ 20. The court held that "[t]he public-duty rule adopted by this court in *Sawicki v. Ottawa Hills* (1988), 37 Ohio St.3d 222, 525 N.E.2d 468, is not applicable in civil actions brought against employees of political subdivisions for wanton or reckless conduct." *Estate of Graves* at syllabus.

{¶ 26} Riotte alleges in his complaint that Brill's conduct was wanton or reckless, and he sets forth sufficient facts to plausibly support the claim. Accordingly, the public-duty rule is inapplicable here and the motion to dismiss on this ground was properly denied.

IV

{¶ 27} In light of the above, the trial court properly denied the motion to dismiss the city of Cleveland and Officer Brill, except as the motion related to the failure-to-discipline claim. In its judgment entry denying the defendants' motion to dismiss, the court found that the defendants are "not entitled to immunity against plaintiff's claims under Ohio Revised Code Chapter 2744." We find that Riotte has at least alleged sufficient facts to survive a Civ.R. 12(B)(6) motion to dismiss, but we do not make a determination about immunity, because the record is not developed enough. The determination whether

11

governmental immunity under R.C. 2744.02 applies is a question of law to be decided by the court. *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 292, 595 N.E.2d 862. Accordingly, on remand, further proceedings shall be held so that the determination can be made.

{¶ 28} We affirm in part and reverse in part the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part

and reversed in part,

and cause remanded.

ROCCO and KEOUGH, JJ., concur.

12