[Cite as *Johnson v. Godsey*, 2013-Ohio-3277.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

WILLIAM S. JOHNSON                    :

     Plaintiff-Appellant                :          C.A. CASE NO.    2012 CA 80

v.                                    :          T.C. NO.    11CVI656

ALICE J. GODSEY                       :            (Civil appeal from
                                                 Municipal Court)

     Defendant-Appellee                 :

                                                           :

. . . . . . . . . .

## O P I N I O N

Rendered on the    26th    day of     July    , 2013.

. . . . . . . . . .

WILLIAM S. JOHNSON, P. O. Box 62, Clifton, Ohio 45316
        Plaintiff-Appellant

THADDIUS A. TOWNSEND, Atty. Reg. No. 0089197, Assistant Clark County Prosecutor, 50
E. Columbia Street, P. O. Box 1608, Springfield, Ohio 45501
        Attorney for Defendant-Appellee

. . . . . . . . . .

FROELICH, J.

       **{¶ 1}**   William S. Johnson appeals from a judgment of the Clark County

Municipal Court, which granted summary judgment to Alice J. Godsey on Johnson's claims and denied Johnson's request for expenses due to Godsey's filing of a counterclaim against him. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual and Procedural History

{¶ 2} Johnson is the owner of residential rental property located at 5307 Waverly Drive in Clark County. The property receives water services through the Clark County Utilities Department. At all relevant times, Alice Godsey was the director of the Clark County Utilities Department.

{¶ 3} On February 18, 2011, Johnson filed a small claims complaint against Godsey, claiming that Godsey was "extorting money" from Johnson for water service to the Waverly Drive property. Johnson also alleged that Godsey was "harassing and terrorizing" the new tenant at the property by seeking payment for services provided to a prior tenant and by threatening to shut off water service to the new tenant. Johnson alleged that Godsey's conduct was outside the scope of her employment as the director of utilities. Johnson's complaint cited to case law, the Rules and Regulations of the Clark County Utilities Department, and the Application and Contract form of the Clark County Utilities Department. Johnson sought $1,079.51, plus penalties, living expenses, and costs.

{¶ 4} Godsey was served with the complaint on February 25, 2011, and a pretrial conference was held on March 15, 2011. Based on the discussions at that conference, the trial court transferred the case to the court's regular docket and granted Godsey 30 days to file an answer and counterclaim. Both parties were given 90 days to conduct discovery and file dispositive motions.

{¶ 5} On April 14, 2011, Godsey, as director of utilities for Clark County, filed an answer denying all of the allegations of wrongdoing in the complaint. She also brought a counterclaim against Johnson, alleging that $282.32 was due and owing for water service to 5307 Waverly Drive and that Johnson was responsible for paying for that arrearage. Johnson answered the counterclaim, stating in part that the Clark County Utilities Department had not been joined in the lawsuit, that he (Johnson) had no contract with Godsey, and that Godsey could not seek damages against him.

{¶ 6} On June 2011, Godsey moved for summary judgment, claiming that her actions were taken in furtherance of her position as director of utilities and that she was entitled to sovereign immunity. Two days later, Johnson filed an amended complaint, which included additional allegations that Godsey had improperly levied tax liens and charges for arrearages.

{¶ 7} Godsey filed an amended summary judgment motion, again claiming sovereign immunity. She supported the motion with an affidavit stating that her actions were taken in the scope of her employment and were pursuant to regular department procedures. She indicated that an arrearage on the property grew to $268.88 between October 20, 2010 and January 26, 2011. On November 1, 2010, water service was discontinued due to an arrearage. Despite the unpaid balance, water service was restored on December 2, 2010, based on an understanding that the owner (Johnson) would pay the arrearage. Godsey stated that the current tenant is up-to-date in his water payments. Johnson subsequently opposed Godsey's motion for summary judgment and asked for "reasonable expenses," arguing that Godsey had not claimed sovereign immunity in her answer.

{¶ 8} Godsey moved to amend her answer, stating that her counsel had inadvertently

failed to allege sovereign immunity. (At the pretrial conference, Godsey's counsel had told the court that he believed Godsey was entitled to sovereign immunity.) The trial court granted Godsey's motion. Before filing an amended answer, Godsey filed a notice of dismissal of her counterclaim.

{¶ 9} Godsey filed an amended answer on August 12, 2011. She again denied Johnson's allegations, raised five affirmative defenses (including sovereign immunity), and asserted, as director of utilities, a new counterclaim for "all reasonable attorney fees in defending this action, as well as costs to Clark County, Ohio for wages spent in defense of this action." Johnson filed an answer to the counterclaim, stating that Godsey had been sued personally and that she responded to his interrogatories stating that she personally had not lost any wages as a result of this action and was not personally responsible for her attorney fees. Johnson claimed that the counterclaim was frivolous and not made in good faith.

{¶ 10} On October 3, 2011, Johnson moved to dismiss Godsey's counterclaim. He also asked for "reasonable expenses incurred as a result of the Defendant's frivolous Counterclaim and cross-claim pursuant to Rule 56 G." Johnson argued that the "claims were without merit and made in bad faith in an attempt to intimidate a pro se Plaintiff." In his supporting memorandum, Johnson stated that he had spent at least five hours defending and answering the counterclaim, and he sought $525 in expenses.

{¶ 11} Godsey voluntarily dismissed her amended counterclaim on November 4, 2011. Five days later, Johnson filed a "motion for judgment on the pleadings to grant plaintiff expenses for frivolous counterclaim/crossclaim," pursuant to Civ.R. 56(G). Johnson again sought $525 in expenses. Godsey opposed the motion.

{¶ 12}   Later in November 2011, Johnson filed a supplemental memorandum addressing Godsey's claim that she was entitled to sovereign immunity.  He asserted that he had alleged several instances where Godsey had acted contrary to law, outside the scope of her employment, and in bad faith and in a wanton manner.  Johnson provided a detailed timeline of his communications with Godsey and the Clark County Utilities Department regarding unpaid water bills at the Waverly Drive property.  Johnson supported his memorandum with an affidavit affirming that his statements in the supplemental memorandum were true and that his exhibits were accurate copies of documents provided by Godsey during discovery.

{¶ 13}   In February 2012, a magistrate ruled on both Johnson's request for reasonable expenses and Godsey's motion for summary judgment.  The magistrate denied Johnson's request for reasonable expenses, noting first that Civ.R. 56(G) has no application to an allegedly frivolous pleading.  The magistrate further found:

Even if Plaintiff had properly moved for sanctions under Civil Rule 11 or R.C. 2323.51 there has been no showing of any improper conduct on the part of Defendant sufficient to support any award of expenses.  Whereas Ms. Godsey, in her individual capacity, has no standing to bring a counterclaim for unpaid utility services, it was not unreasonable for Defendant's counsel to initially assume, given the subject matter of Plaintiff's allegations, that Ms. Godsey was being sued in a representative capacity as Director of the Clark County Utilities Department. The counterclaim was later voluntarily withdrawn; there has been no showing of any bad faith or improper purpose in its assertion, nor has it been shown that Plaintiff suffered any significant loss or injury as a result.   Accordingly,

Plaintiff's Motion is denied.

{¶ 14} The magistrate granted Godsey's motion for summary judgment based on sovereign immunity under R.C. 2744.03(A)(6). The magistrate noted that Johnson had not cited to any section of the Revised Code that imposed liability on Godsey. It further concluded that Godsey's actions "were unquestionably within the scope of [her] official responsibilities to pursue payment for those services." The magistrate stated that Godsey's affidavit "belies Plaintiff's apparent belief that Defendant is pursuing some sort of malicious personal vendetta, or that the billing and collection activities engaged in under her supervision were done in bad faith, or in a wanton or reckless manner." The magistrate thus concluded that none of the exceptions to sovereign immunity under R.C. 2744.03(A)(6) applied, and Godsey was entitled to summary judgment.

{¶ 15} Johnson objected to the magistrate's decision. On October 29, 2012, the trial court rejected Johnson's objections and entered judgment in favor of Godsey. The trial court's judgment entry was almost identical to the magistrate's decision.

{¶ 16} Johnson appeals from the trial court's judgment, raising numerous assignments of error. He challenges both the denial of his motion for reasonable expenses and the trial court's grant of summary judgment to Godsey.

## II.   Motion for Expenses for Frivolous Filing

{¶ 17} Johnson raises six assignments of error concerning the trial court's denial of his motion for expenses for Godsey's allegedly frivolous counterclaims. Johnson claims that the trial court erred in finding (1) that the initial counterclaim was dismissed "upon clarification that Ms. Godsey was being sued personally as a private individual, and not in her capacity as Director

of the Clark County Utilities Department", (2) that it was not unreasonable for Godsey's counsel to initially assume that Godsey was being sued in a representative capacity, (3) that there had been no showing of any improper conduct by Godsey to warrant an award of expenses, (4) that the voluntary withdrawal of the counterclaim mitigated the frivolous nature of its original filing, (5) that there was no showing of "bad faith" or "improper purpose" in the filing of the counterclaim, and (6) that there was no showing of "any significant loss or injury" to Johnson due to the filing. To summarize, Johnson contends that the trial court's factual and legal reasons for denying his motion were not supported by the record.

{¶ 18} Johnson's motion for reasonable expenses was brought under Civ.R. 56(G), which provides:

> Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

By its terms, Civ.R. 56(G) applies to summary judgment affidavits, not pleadings. Because Johnson failed to provide a proper basis for his motion, the trial court did not err in denying Johnson's motion for reasonable expenses related to the filing of Godsey's counterclaims.

{¶ 19} Moreover, the trial court reasonably concluded that Johnson was not entitled to expenses under Civ.R.11 or R.C. 2323.51, even if Johnson had sought expenses under those provisions.

{¶ 20}    Civ.R. 11 requires every pleading, motion, or other document of a party represented by an attorney to be signed by at least one attorney of record in the attorney's individual name and to state the attorney's registration number, telephone number, facsimile number, if any, and business e-mail address, if any.   The signature of an attorney constitutes a certificate by that attorney that the attorney has read the document, that to the best of the attorney's knowledge, information, and belief there is good ground to support it, and that it is not interposed for delay.   Civ.R. 11.   "For a willful violation of this rule, an attorney * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule."   *Id.*

{¶ 21}    Under R.C. 2323.51(B), "at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal.   The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct * * *."   Of relevance to this action, "frivolous conduct" means the conduct of a party to a civil action or of the party's counsel that satisfies any of four criteria:

(1)  It obviously serves merely to harass or maliciously injure
        another party to the civil action or appeal or is for
        another improper purpose, including, but not limited
        to, causing unnecessary delay or a needless increase
        in the cost of litigation.

(2) It is not warranted under existing law, cannot be supported by a good

faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(3) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a)(i)-(iv).

{¶ 22} We find no indication in the record that Godsey's original counterclaim constituted a willful violation of Civ.R. 11 or met any of the criteria set forth in R.C. 2323.51(A)(2)(a). Johnson claims that it was "clearly known by all parties by March 15, 2011 Pre-Trial Conference" that he had sued Godsey in an individual, not a representative, capacity and thus Godsey's attorney should not have drafted any counterclaim in Godsey's capacity as director of utilities for Clark County. However, during the March 15, 2011 pretrial conference, Godsey's counsel told the court that he intended to file a counterclaim for the unpaid bill if Johnson did not pay the bill, and the trial court granted Godsey leave to file an answer and counterclaim. We cannot say that Godsey acted unreasonably in filing such a counterclaim, as allowed by the trial court. And, given the nature of Johnson's claims and the fact that Johnson

repeatedly served interrogatories on "Defendant and Clark County Department of Utilities,"[1] it was not initially clear that the Clark County Utilities Department was not intended by Johnson to be a party to the litigation.

{¶ 23} Godsey's counterclaim in her amended answer sought reasonable attorney fees and costs to Clark County for defending the action. Although Godsey did not cite to any authority for this claim in her amended answer, Godsey's claim was not unsupportable, and we find no suggestion that it was filed for purposes of harassment or to increase the cost of litigation.

{¶ 24} Johnson's assignments of error concerning the denial of his motion for reasonable expenses are overruled.

### III. Sovereign Immunity

{¶ 25} Johnson raises five assignments of error challenging the trial court's granting of Godsey's motion for summary judgment. He claims that both the magistrate and the trial court erred in finding (1) that Godsey's conduct was not manifestly outside the scope of her employment, (2) that Godsey did not act in bad faith or in a wanton manner, (3) that Johnson had to show that Godsey's action were taken for a personal reason or with an ulterior motive, (4) that Johnson cited no section of the Revised Code that imposed personal civil liability upon utilities directors, and (5) that Godsey's actions were taken within the scope of her employment.

{¶ 26} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the

---

[1] Under Civ.R. 33, any party may serve interrogatories "upon any other party." Interrogatories should not be directed to non-parties.

nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Those materials include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action." *Id.* at 293; Civ.R. 56(C).

{¶ 27} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 28} "R.C. Chapter 2744, the Political Subdivision Tort Liability Act, sets forth a comprehensive statutory scheme for the tort liability of political subdivisions and their employees." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, – Ohio St.3d –, 2013-Ohio-2410, – N.E.2d –, ¶ 11. The statute "is the General Assembly's response to the judicial abrogation of common-law sovereign immunity. Its manifest purpose is the preservation of the fiscal integrity of political subdivisions." *Estate of Graves v. Circleville*, 124 Ohio St.3d 339, 2010-Ohio-168, 922 N.E.2d 201, ¶ 12, citing *Wilson v. Stark Cty. Dept. of*

*Human Servs.*, 70 Ohio St.3d 450, 453, 639 N.E.2d 105 (1994).

**{¶ 29}** R.C. 2744.03(A)(6) grants employees of political subdivisions immunity from liability, unless any of three exceptions to that immunity apply. *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, 983 N.E.2d 266, ¶ 21. Those exceptions are (1) the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (2) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; and (3) civil liability is expressly imposed upon the employee by a section of the Revised Code. R.C. 2744.03(A)(6)(a)-(c).

**{¶ 30}** Johnson asserts that Godsey's actions were manifestly outside the scope of her employment. In his verified supplemental memorandum, Johnson stated that Godsey was required to contract with the individual tenants, that he had repeatedly attempted to cancel his contract with the utility department but Godsey would not allow it, that Godsey has never billed Johnson directly for the unpaid water bill, that Godsey failed to provide a copy of the utility department's rules and regulations, that Godsey has allowed water service at the property without a contract with the individual tenants, and that Godsey unlawfully recommended and allowed tax liens on his property for water charges.

**{¶ 31}** In her affidavit, Godsey stated that, as of October 18, 2010, the account for 5307 Waverly Drive had a credit. However, from October 20, 2010 to January 26, 2011, the unpaid balance grew to $268.66, including usage and penalties. Water service was discontinued on November 1, 2010 for final reading by the Clark County Utilities Department. Godsey stated that, despite the arrearage, water service was restored to the property on December 2, 2010 "based on the understanding that the owner would pay the arrearage." Due to the continued

unpaid balance, a disconnection notice was mailed to 5307 Waverly Drive. Subsequently, arrangements were made to continue service for the current tenant. As of the date of the affidavit, the tenant was current on his payments and the utilities department had no intention of discontinuing service to him. Godsey explained that the automated billing process only allows one bill to be sent, and duplicate billing is impracticable. She stated that she has worked diligently and professionally to resolve the issue of the arrearage left by the previous tenant.

{¶ 32} For an act to fall within the scope of employment, it must be "calculated to facilitate or promote the business for which the [employee or agent] was employed." *Osborne v. Lyles*, 63 Ohio St.3d 326, 329, 587 N.E.2d 825 (1992). In general, if an act is committed within the scope of employment, it will be authorized, either expressly or impliedly, by the employer. *Anousheh v. Planet Ford, Inc.*, 2d Dist. Montgomery Nos. 21960 & 21967, 2007-Ohio-4543, 2007 WL 2482625, ¶ 45. Intentional and willful acts by an agent or employee "to vent his own spleen or malevolence against the injured person" are generally outside the scope of employment. *Osborne*, 63 Ohio St.3d at 329, 587 N.E.2d 825. Stated differently, "an employer is not liable for independent self-serving acts of his employees which in no way facilitate or promote his business." *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 42, citing *Byrd v. Faber*, 57 Ohio St.3d 56, 59, 565 N.E.2d 584 (1991).

{¶ 33} Construing the evidence in the light most favorable to Johnson, there is no genuine issue of material fact whether Godsey's actions regarding the water service to 5307 Waverly Drive were done within the scope of her employment. It is undisputed that Godsey is the current director of the Clark County Utilities Department, which has primary responsibility for providing water for residential properties within its district and billing for those services.

Although Johnson claims that he has been improperly billed for the water provided to his rental property and a tax lien was improperly levied against the property due to the unpaid water bill, all of the actions about which Johnson complains were taken by Godsey in furtherance of obtaining payment for the water services to 5307 Waverly Drive by the Clark County Utilities Department. There is no evidence that Godsey has acted "to vent her own spleen" or acted in an "independent self-serving" manner that in no way was intended to benefit her employer, the Clark County Utilities Department. Based on the record, the exception to immunity under R.C. 2744.03(A)(6)(a) does not apply, as a matter of law.

{¶ 34} Next, Johnson asserts that Godsey acted with a malicious purpose, in bad faith, and in a wanton or reckless manner, thus stripping her of immunity under R.C. 2744.03(A)(6)(b).

{¶ 35} Recklessness is a high standard. *Rankin v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889 N.E.2d 521, ¶ 37. Wanton misconduct has been defined as the failure to exercise any care whatsoever. *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356, 639 N.E.2d 31 (1994), citing *Hawkins v. Ivy*, 50 Ohio St.2d 114, 363 N.E.2d 367 (1977), syllabus.

{¶ 36} Mere negligence in the performance of Godsey's duties is insufficient to meet this high standard. *See O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 74. As stated by the Ohio Supreme Court, "'mere negligence is not converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the tortfeasor.' Such perversity must be under such conditions that the actor must be conscious that his [or her] conduct will in all probability result in injury." *Fabrey* at 356, quoting *Roszman v. Sammett*, 26 Ohio St.2d 94, 96-97, 269 N.E.2d 420 (1971). Even when viewing the evidence in

Johnson's favor, Godsey's conduct does not meet this high standard, as a matter of law.

{¶ 37} Finally, Johnson disputes the trial court's finding that he did not cite to any statutory provision expressly imposing civil liability on a director of utilities for its billing practices. In his objections to the magistrate's decision (and on appeal), Johnson argued that Godsey's actions rose to the level of criminal violations, namely theft by deception, extortion, and coercion, and thus her actions were not entitled to immunity in a civil lawsuit under R.C. 2744.03(A)(6)(c). However, his supplemental memorandum opposing summary judgment did not address R.C. 2744.03(A)(6)(c). Rather, it included sections labeled "Undisputed Facts," "2744.03(A)(6) a," and "2744.03(A)(6) b." The trial court did not err in finding that Johnson failed to challenge Godsey's motion for summary judgment under R.C. 2744.03(A)(6)(c).

{¶ 38} Regardless, even if R.C. 2744.03(A)(6)(c) had been raised, the trial court nevertheless did not err in granting summary judgment. "[W]hether the exception to immunity under R.C. 2744.03(A)(6)(c) applies is purely a question of law, for it always involves the interpretation or application of a statutory provision that is purported to remove the employee's immunity." *Stachura v. Toledo*, 4th Dist. Lucas No. L-12-1068, 2013-Ohio-2365, ¶ 23. For purposes of R.C. 2744.03(A)(6)(c), "expressly" means "in direct or unmistakable terms: in an express manner: explicitly, definitely, directly." *See Butler v. Jordan*, 92 Ohio St.3d 354, 357, 750 N.E.2d 554 (2001) (discussing R.C. 2744.02(B)(5)), quoting Webster's Third New International Dictionary (1986) 803. Assuming that Godsey's billing activities did not completely conform to the county's rules and regulations and contractual terms, we find no provision in the Revised Code that expressly imposed civil liability on Godsey. And, again construing the evidence in Johnson's favor, except for his personal legal conclusions, there was

no evidence that Godsey's alleged actions rose to the level of criminal activity.

{¶ 39} The trial court did not err in finding that no genuine issues of material fact existed and that Godsey was entitled, as a matter of law, to the immunity set forth in R.C. 2744.03(A)(6). Johnson's assignments of error regarding the trial court's grant of Godsey's motion for summary judgment are overruled.

## IV. Conclusion

{¶ 40} The trial court's judgment will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

William S. Johnson
Thaddius A. Townsend
Hon. Eugene S. Nevius