Weygandt, C. J.
 

 The demurrer of the defendant, Goldie W. Lowenstein, executrix, is based upon seven grounds. However, it is necessary to consider but one of them, inasmuch as it is decisive. Does the plaintiffs’ petition state facts which show a cause of action for a declaratory judgment?
 

 Since a declaratory judgment was unknown to the common law, jurisdiction to render this form of redress is dependent upon statutory authorization. In Ohio the controlling sections are 12102-1 to 12102-16, inclusive, General Code. The first of these sections is general and provides in part that “courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.” This is followed by the specific provisions of Section 12102-2, General Code, that:
 

 “Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are af
 
 *522
 
 feeted by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising' under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.”
 

 Then the next section provides that a contract may be construed either before or after there has been a breach thereof.
 

 Are these plaintiffs asking to “have determined any question of construction or validity arising under the * * * contract” of insurance? Of course the demurrer admits the plaintiffs’ well-pleaded allegations, but in the petition there is not even a suggestion of any question of “construction or validity” of the policy. The plaintiffs allege that they insured “any person while using the automobile and any person or organization legally responsible for the use thereof
 
 * *
 
 * provided further the actual use is with the permission of the named insured.” This the demurrer admits. Neither the meaning nor the validity is challenged. What, then, is the question the plaintiffs want to have decided at this time in the form of a declaratory judgment? According to the petition, the single issue presented is a question not of “construction or validity” but merely of fact as to whether at the time of the collision the automobile was being driven with the permission of the insured.
 

 In the opinion in the case of
 
 Walker
 
 v.
 
 Walker,
 
 132 Ohio St., 137, 5 N. E. (2d), 405, it was observed that the declaratory judgment act is a salutary, remedial measure and should be liberally construed and applied. This, of course, is true, but the courts are without power to judicially legislate into the statute something clearly not placed there by the General Assembly.
 

 The plaintiffs cite the cases of
 
 Schaefer
 
 v.
 
 First National Bank of Findlay,
 
 134 Ohio St., 511, 18 N. E.
 
 *523
 
 (2d), 263, and
 
 Radaszewski
 
 v.
 
 Keating, Exrx.,
 
 141 Ohio St., 489, 49 N. E. (2d), 167. In both of these this court held that a declaratory judgment was a proper remedy. Both are distinguishable from the instant case. The first involved a question of the
 
 validity
 
 of a promissory note. The second was an action involving a determination of a question of rights arising in the administration of an estate and was brought under the provisions of Section 12102-4, General Code.
 

 The trial court was correct in holding that this petition does not state facts which show a cause of action for a declaratory judgment. Hence, the judgment of the Court of Appeals must be reversed and that of the trial court affirmed.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.