OHIO CASUALTY INSURANCE COMPANY et, Plaintiffs,
v. ROSS, County Treasurer of Clermont County et, Defendants.

Common Pleas Court, Clermont County.

No. 29042.   Decided May 11, 1960.

Messrs. *Ely, White & Davidson* and Messrs. *McNamara &
McNamara*, for plaintiffs.
Mr. *Ralph A. Hill*, for defendant, Byron Ross.
Mr. *Russell F. Spiedel*, for defendant, John P. Friend, Jr.
Messrs. *Taft, Stettinius & Hollister* and Mr. *Leonard C.
Weakley*, for defendant, American Surety Company of New
York.
Messrs. *Lindhorst & Dreidame* and Mr. *James L. O'Con-*

*nell*, for The Home Indemnity Company, and National Surety Company.

For further history see *Omnibus Index* in bound volume.

BELL, J. In the determination of the question presented, all the well-pleaded allegations of the petition are admitted to be true.

As has been stated the petition alleges that there is a deficit of $52,217.08 in the public funds of Clermont County and that the defendant Friend, Jr., misappropriated that total sum at various times during his incumbency as county treasurer.

The defendant Ross, as the succeeding treasurer has the duty of collecting the sum misappropriated from defendant Friend, Jr., or the sureties on his official bond or bonds.

The petition further alleges that the two plaintiffs, as well as the four corporate defendants are liable for said sum of $52,217.08 misappropriated, each surety being liable for such sum as was appropriated during the term for which they were surety on the official bond of Friend, Jr., as treasurer.

The answer of the defendant Ross makes claim against the defendant Friend, Jr., and the six corporate surety companies for the amount misappropriated.

The claim of the demurring defendants is that this is not a proper action for a declaratory judgment.

Declaratory judgments were unknown at common law and have become a procedural remedy in many of the states, including Ohio, by statutory enactment and those enactments in Ohio are found in Chapter 2721, Revised Code.

The Declaratory Judgments Act of Ohio, substantially in its present form, was enacted by the General Assembly of Ohio as Section 12102-1 to Section 12102-17 inclusive, General Code, and became effective in October 1933. What was Section 12101, General Code, is now Section 2721.02, Revised Code, and reads as follows:

"Courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed. *No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for.* The declaration may be either affirmative or negative in form and effect. Such declaration has the effect of a final judgment or decree. (Emphasis added.)

What was Section 12102-2, General Code, is now Section 2721.03, Revised Code, and reads as follows:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

The gist of the argument of the demurring defendants, both orally and by brief, seems to be that because there is no question of the validity or construction of a written instrument the petition does not state a cause of action.

Section 2721.02, Revised Code, above quoted is general in its terms, and it has definitely been established as the law of Ohio by the Supreme Court, that the language of Section 2721.03, Revised Code, is not a limitation on the language of Section 2721.02, Revised Code.

In the case of *Coshocton Real Estate Co., Appellee,* v. *Smith, Appellant,* 147 Ohio St., 45, paragraphs 1 and 3 of the syllabus read as follows:

"1. The declaratory judgments act of Ohio is a salutory remedial measure and should be liberally construed and applied.

"3. As provided in Section 12102-5, General Code, the enumeration in Section 12102, General Code (now Section 2721.03, Revised Code), does not limit or restrict the exercise of the general powers conferred in Section 12102-1, General Code, in any proceeding where declaratory relief is sought in which a judgment or decree will terminate the controversy or remove an uncertainty."

Section 2721.06, Revised Code, reads as follows:

"Sections 2721.03 to 2721.05 inclusive, Revised Code, do not limit or restrict the exercise of the general powers conferred in Section 2721.02, Revised Code, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

It is abundantly clear that Section 2721.03, Revised Code, is not a limitation on Section 2721.02, Revised Code.

The demurring defendants further argue that the treasurer of Clermont County could bring an action against the last

ureties for the entire amount due; that those two defendants (plaintiffs here) could then set up non-liability under the surety bonds for any amount over and above the amount misappropriated during the periods those bonds were in force and effect and, if that were the conclusion reached, the treasurer could sue the other sureties on the bonds for the amount misappropriated during the effective period of those surety bonds.

If the two surety companies (plaintiffs here) were held to be liable for the entire amount of this misappropriation during the years of tenure of the defendant Friend, Jr., they could possibly sue the other four surety companies for a proportionate share of the loss.

In either event that would necessitate four or five lawsuits to determine, what can be determined here, if this be the proper subjct of declaratory judgment.

In many of the cases decided by the Supreme Court under the Declaratory Judgments Act, the Supreme Court has said that to entertain or refuse to entertain a declaratory judgment action rests largely in the sound discretion of the court.

It has also been determined in Ohio that a declaratory judgment action is an alternative remedy, and while the plaintiffs may have other remedies available, that is not a bar to an action for declaratory judgment.

In the case of *Schaefer, Appellee, v. First National Bank of Findlay, Ohio, Appellant*, 134 Ohio St., 511, paragraph three of the syllabus reads as follows:

"An action for a declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act, and a real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost."

That case was decided in 1938 by a unanimous court.

In the case of *Radaszewski v. Keating*, 141 Ohio St., 489, the third paragraph of the syllabus reads as follows:

"The jurisdiction of the court in declaratory judgment actions is not limited to cases in which no other possible remedy is available. An action for a declaratory judgment may be

390

alternative to other remedies in those cases in which the court in the exercise of sound discretion finds that the action is within the spirit of the declaratory judgment act, and a real controversy between adverse parties exists which is justiciable in character and speedy relief is necessary to the preservation of rights that may be otherwise impaired or lost.''

See also *Ohio Farmers Ins. Co. et al,* v. *Heisel, Sr. et al, Lowenstein, Extr.,* 143 Ohio St., 519; *American Life & Insurance Co.* v. *Jones,* 152 Ohio St., 287; *Smith* v. *Municipal Civil Service Comm.,* 158 Ohio St, 401.

In the instant case if it be true that the last sureties (plaintiffs here) are liable for the entire amount of this misappropriation then the other surety bonds given for previous terms are no longer valid obligations. If, as claimed by these plaintiffs, the other surety companies are liable on their bonds for the amount of the misappropriation during the periods those bonds were in full force and effect, then their validity is in question here.

No one will dispute that Clermont County is entitled to speedily have returnd to its treasury the amount of money misappropriated, whether that amount of money is returned by the defendant Friend, Jr., the ex-county treasurer, or by the surety companies who for a consideration entered into the surety bonds for the faithful performance of his duties while he was treasurer and those rights may be otherwise impaired or lost if all of the parties were relegated to remedies in the ordinary course of the law.

Would any one be so bold as to assert that this action will not remove uncertainty and, upon final hearing, terminate the controversy.

The Court concludes that the petition states a cause of action; the demurrers should be and hereby are overruled; that the demurring defendants and the defendant, Friend, Jr., be granted fifteen days in which to file an answer.

An entry may be presented in accordance with the views herein expressed.

(Heard in Clermont County by Bell, J., of Hamilton County, sitting by designation.)