**KIM'S AUTO & TRUCK SERVICE, INC., Appellant,**

v.

**CITY OF TOLEDO et al., Appellees.**

[Cite as *Kim's Auto & Truck Serv., Inc. v. Toledo*, 172 Ohio App.3d 1, 2007-Ohio-2260.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–06–1274.

Decided May 11, 2007.

**2**

[redacted]

Terry J. Lodge, for appellant.

John T. Madigan, City of Toledo Director of Law, and Adam W. Loukx, General Counsel, for appellees.

SINGER, Judge.

{¶ 1} Appellant, Kim's Auto and Truck Service, Inc., appeals the judgment of the Lucas County Court of Common Pleas, awarding summary judgment to a city, its mayor, and its acting housing director in a dispute concerning relocation fees arising from condemnation proceedings. For the reasons that follow, we affirm.

{¶ 2} Appellant operated a commercial mechanical garage on Stickney Avenue in Toledo. In 1997, appellee city of Toledo instituted a study for an urban-renewal plan encompassing approximately 450 acres that included appellant's property. The plan that emerged proposed to remove blighted structures from the land and provide infrastructure to allow DaimlerChrysler Corporation to build a new assembly plant for Jeep motor vehicles.

{¶ 3} By 2000, the city had successfully negotiated for the purchase of property from many of the landowners within the designated area, but not appellant. In May 2000, the city petitioned to appropriate appellant's property, pursuant to R.C. Chapter 163. Appellant opposed the taking, but eventually the court found it proper and a jury awarded appellant $104,000 in compensation. Appellant appealed, but did not prevail. *Toledo v. Kim's Auto & Truck Serv., Inc.*, 6th Dist. No. L–02–1318, 2003-Ohio-5604, 2003 WL 22390102, discretionary appeal not allowed, 101 Ohio St.3d 1469, 2004-Ohio-819, 804 N.E.2d 42, certiorari denied (2005), 545 U.S. 1152, 125 S.Ct. 2988, 162 L.Ed.2d 910.

{¶ 4} On July 27, 2004, following denial by the Ohio Supreme Court of a stay pending appeal to the United States Supreme Court, the city obtained an order granting it possession of the Stickney Avenue property and ordering appellant to vacate within 21 days. In early August 2004, appellant vacated the location acquired by the city, moving much of its business to property it owned across the street.

{¶ 5} On August 25, 2004, appellant sought relocation expenses from the city in the amount of $63,000, plus $1,000 per day for lost business. The city rejected appellant's demand, advising it in a November 16, 2004 letter that relocation benefits would be capped at $33,190.20. On January 11, 2005, appellant sued the city and its mayor, appellee Jack Ford, in both his official capacity and individually, and its acting housing manager, appellee Michael Badik, in both his official capacity and individually. In its two-count complaint, appellant sought first a declaration of the "rights and responsibility of the parties relative to relocation assistance." Appellant's second count alleged that appellees "willfully, intentionally, maliciously, wantonly and/or recklessly" interfered with appellant's business.

{¶ 6} Appellees answered, admitting that appellant was entitled to relocation assistance but denying that it was due the amount claimed. Appellees also denied any intentional interference with appellant's business. Following discovery, appellees moved for summary judgment, arguing that Uniform Relocation Assistance Act cases are not suited for declaratory judgment and that appellees were statutorily entitled to governmental tort immunity without exception. When the trial court granted appellees' motion, this appeal followed. On appeal, appellant sets forth the following two assignments of error:

{¶ 7} "Assignment of Error No. 1: It is error to deny recourse to declaratory judgment when impasse has been reached on the eligibility of claimed relocation expenses and reimbursements.

{¶ 8} "Assignment of Error No. 2: It was error to refuse to hold government's knowing administrative delays in computing and granting relocation assistance to be tortious."

{¶ 9} On review, appellate courts employ the same standard for summary judgment as trial courts. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. The motion may be granted only when it is demonstrated "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 67, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

4

{¶ 10} When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought, *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 463 N.E.2d 1246. A material fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186; *Needham v. Provident Bank* (1996), 110 Ohio App.3d 817, 826, 675 N.E.2d 514, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

## I.   Declaratory Judgment

{¶ 11} Appellant sought reimbursement of relocation expenses under R.C. 163.51 et seq., the Ohio enactment of the Uniform Relocation Assistance in Real Property Acquisition Policies Act, 42 U.S.C. 4601 et seq. The city conceded appellant's eligibility for reimbursement, but differed in the amount of compensation that was appropriate.

{¶ 12} In its motion for summary judgment, appellees, citing *Maxheimer v. Weir* (July 30, 1981), 5th Dist. No. 734, 1981 WL 6377, argued that a declaratory-judgment proceeding was an inappropriate vehicle to challenge the amount of an award. The issue involves not a disputed statutory construction but a purely factual question of the amount of the award, appellees argued. According to appellees, such an issue is more properly appealed through an R.C. Chapter 2506 appeal from the administrative determination of compensation, once that determination is final.

{¶ 13} In the trial court and here, appellant responded that the true character of appellees' motion was not summary judgment but a Civ.R. 12(B)(6) motion to dismiss or a Civ.R. 12(C) request for a judgment on the pleadings. Appellant insists that while the ultimate issue is one of fact, the amount of proper compensation, the court is being asked to interpret R.C. 163.51 et seq. and the rules as to what expenses may be compensated. Moreover, appellant asserts, *Maxheimer* is superseded because at the time it was decided, by the language of R.C. 2721.03 then in effect, statutes were not included in the categories of documents subject to declaratory judgment. Appellant also maintains that since Toledo has no administrative procedure to set relocation reimbursement, there will never be a final administrative order to appeal.

{¶ 14} Citing *Maxheimer*, the trial court granted summary judgment on count one, concluding, "There is no true controversy, because the issue presented by [appellant] is a question of fact as to the amount of relocation assistance due under the statute."

{¶ 15} R.C. 2721.03 provides that a party whose rights are affected by a statute or rule may bring an action to "determine[ ] any question of construction or validity arising under" the statute or rule. The essence of the proceeding is a determination of construction or validity. *Ohio Farmers Ins. Co. v. Heisel* (1944), 143 Ohio St. 519, 28 O.O. 460, 56 N.E.2d 151, paragraph three of the syllabus. When the issue presented is "entirely a question of fact," as in a determination of compensation payable under the Relocation Assistance Act, a declaratory-judgment action will not lie. *Maxheimer*.

{¶ 16} With respect to appellant's argument that the later insertion of the word "statute" into the declaratory-judgment act modified *Maxheimer*, we find nothing in *Maxheimer* to suggest that its decision was premised on the use or absence of that word. Consequently, appellant's attempt to distinguish *Maxheimer* is unpersuasive. Concerning the availability of an administrative appeal, R.C. 2506.01(C) makes any order final that "determines * * * benefits" and is not subject to further administrative appeal. Thus, whether Toledo does or does not have a formal relocation-assistance process is immaterial, so long as the determination of benefits is without further administrative recourse.

{¶ 17} With respect to the form of the motion, this is one of those curious anomalies that sometimes occur. A question of fact ordinarily precludes summary judgment. Here, however, because a declaratory action is an instrument to construe and interpret a writing, purely factual questions, such as the amount of benefits due, are not material. Thus, in this matter, there were no questions of material fact, and since the issues presented did not involve the construction or interpretation of statutes or rules, appellees were entitled to judgment as a matter of law.

{¶ 18} Accordingly, appellant's first assignment of error is not well taken.

## II. Tortious Interference

{¶ 19} In its second cause of action, appellant alleged that the city and appellees Ford and Badik tortiously interfered with its business by refusing to comply with the Uniform Relocation Act in a timely fashion. In their motion for summary judgment, appellees asserted statutory governmental immunity.

{¶ 20} R.C. 2744.02(A)(1) confers immunity on municipalities from civil damages for acts or omissions involving a governmental function. R.C. 2744.01(C)(2)(q) expressly includes urban renewal and slum elimination as gov-

ernmental functions. R.C. 2744.02(B)(1) through (5) provides for certain exceptions, but the trial court concluded that none of these applied and ruled that appellee city of Toledo was immune from suit.

{¶ 21} The court found appellees Ford and Badik immune as well, concluding that they were acting within the scope of their duties and that there was no evidence that either of these appellees acted maliciously, in bad faith, wantonly, or recklessly toward appellant. See R.C. 2744.03(A)(6)(a), (b), and (c).

{¶ 22} Appellant contests these conclusions, asserting that malice may be inferred from what it characterizes as a "calculated pattern of delays and denials of relocation assistance." In any event, appellant insists, malice, bad faith, and wanton or reckless behavior are questions of fact that should go to a jury.

{¶ 23} While we agree with appellant that malice and recklessness may be inferred from behavior, the record is devoid of specific evidence of ill will or improper motive. In its memorandum in opposition to summary judgment in the trial court, appellant referred only to its own complaint and the deposition testimony of the husband of appellant's principal. As we have previously noted, allegations in pleadings are insufficient to withstand a properly supported motion for summary judgment. *Riley v. Montgomery,* supra.

{¶ 24} With respect to the deposition testimony, beyond general assertions and complaints of foot-dragging in negotiations, there is no specific report of an incident, occurrence, or circumstance by which it could be inferred that any of appellees acted with malice, bad faith, or recklessness. Absent such evidence, there is no question of material fact and appellees are entitled to judgment as a matter of law.

{¶ 25} Accordingly, appellant's second assignment of error is not well taken.

{¶ 26} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed.

HANDWORK, J., and PIETRYKOWSKI, P.J., concur.