[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Binder v. Cuyahoga Cty.*, Slip Opinion No. 2020-Ohio-5126.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-5126

BINDER ET AL., APPELLEES, *v.* CUYAHOGA COUNTY, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Binder v. Cuyahoga Cty.*, Slip Opinion No. 2020-Ohio-5126.]

*Jurisdiction of courts of common pleas—Authority of R.C. 124.34—R.C. 124.34 authorizes classified employees to appeal violations to the State Personnel Board of Review but not to the court of common pleas—Judgment reversed and cause remanded.*

(No. 2019-1232—Submitted August 4, 2020—Decided November 4, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 106665 and 106666, 2019-Ohio-1236.

_____

FRENCH, J.

{¶ 1} In this discretionary appeal, we consider whether R.C. 124.34 allows civil-service employees to file a civil action in common pleas court to redress an alleged reduction in pay in violation of the statute. Appellees, Richard Binder, Gerald Butterfield, and other named class representatives, filed two consolidated

class-action lawsuits against the appellant, Cuyahoga County. Appellees seek a declaratory judgment that the county reduced their compensation in violation of R.C. 124.34. They also seek back pay and lost benefits.

{¶ 2} As R.C. 124.34 allows aggrieved employees to file an appeal with the State Personnel Board of Review ("SPBR") or their local civil-service commission and authorizes no alternative, we conclude that R.C. 124.34 does not allow a civil-service employee to file an action in common pleas court to vindicate alleged violations of the statute by an appointing authority. We therefore reverse the judgment of the Eighth District Court of Appeals affirming the trial court's class-certification order and remand the matter to the trial court.

## FACTS AND PROCEDURAL BACKGROUND

### Cuyahoga County's transition to charter government

{¶ 3} In November 2009, the citizens of Cuyahoga County voted to adopt a charter form of government as authorized under Article X, Section 3 of the Ohio Constitution. The county charter went into effect on January 1, 2010. The charter created the office of the county executive and conferred legislative and taxing authority on the county council. The charter also abolished certain elected positions, such as county auditor, treasurer, recorder, and engineer, and replaced them with officials appointed by the county executive.

{¶ 4} The transition to charter government also required reclassification of the county's employees. The charter mandated the implementation of a uniform classification and salary system covering employees of every county office, department, or agency. The Personnel Review Commission, formerly known as the Human Resource Commission, assumed responsibility for implementing and administering the county's civil-service system and hears all employee appeals previously under the jurisdiction of the SPBR. The charter provides that the county's human-resources policies shall be established by ordinance.

{¶ 5} Before the charter and ordinance took effect, some county employees worked 35 hours per week with unpaid lunch breaks, while other employees worked 40 hours per week, which included a one-hour paid lunch break. In January 2012, the county council enacted an ordinance requiring all full-time employees to work 40 hours per week, including a one-hour paid lunch period. The transition did not change the employees' annual salary. But employees who formerly worked 35 hours per week saw their hourly pay rate reduced.

### The employee lawsuits

{¶ 6} Beginning in 2013, numerous county employees filed four lawsuits in Cuyahoga County common pleas court—we will refer to them as *Dolezal*, *Corrigan*, *Binder*, and *Butterfield*—challenging the transition to a 40-hour work week and other aspects of the county's personnel restructuring. The four lawsuits were consolidated before the judge assigned to *Dolezal*.

{¶ 7} *Dolezal.* In the first of these lawsuits, *Dolezal v. Cuyahoga Cty.*, Cuyahoga C.P. No. CV 13 801116, the plaintiffs asserted four claims. Relevant here, Count Two sought declaratory relief and damages for the alleged reduction in compensation and benefits in violation of R.C. 124.34. The plaintiffs also sought class-action certification, which the trial court denied. The plaintiffs did not appeal the denial of class certification.

{¶ 8} The trial court granted summary judgment to the plaintiffs on Count Two, concluding that the change to a 40-hour week resulted in a reduction in pay. The court of appeals dismissed the county's appeal for lack of a final, appealable order.

{¶ 9} *Corrigan.* The plaintiffs in *Corrigan* filed a lawsuit alleging that the county unlawfully reduced their compensation and benefits in violation of R.C. 124.34. *Corrigan v. Cuyahoga Cty.*, Cuyahoga C.P. No. CV 16 863441. The plaintiffs sought declaratory relief and damages but did not seek class certification. The trial court denied the county's motion to dismiss for lack of subject-matter

jurisdiction and the county's motion for judgment on the pleadings. The trial court granted the plaintiffs' motion to consolidate with *Dolezal*.

{¶ 10} ***Binder.*** Richard Binder and other plaintiffs filed a class-action lawsuit alleging that the county violated R.C. 124.34 by increasing their work week to 40 hours from 35 without increasing their compensation. *Binder v. Cuyahoga Cty*., Cuyahoga C.P. No. CV 15 851760. In addition to class certification, the plaintiffs sought declaratory relief and compensatory damages, including back pay and compensation for loss of benefits. The trial court granted the county's motion to dismiss and found that the change in lunch-break policy did not result in an increase in work-week hours or a reduction in pay. The Eighth District reversed. On remand, the trial court granted the plaintiffs' motion to consolidate their lawsuit with *Dolezal.*

{¶ 11} ***Butterfield.*** Gerald Butterfield and other plaintiffs filed a class-action lawsuit requesting a declaratory judgment in conformity with the *Dolezal* decision that the change to a 40-hour work week resulted in a reduction in pay and lost benefits. *Butterfield v. Cuyahoga Cty*., Cuyahoga C.P. No. CV 16 864446. The trial court denied the county's motion to dismiss and granted the plaintiffs' motion to consolidate their lawsuit with *Dolezal*.

### Class certification in *Binder* and *Butterfield*

{¶ 12} After consolidation of all four cases, the *Binder* and *Butterfield* plaintiffs filed a joint motion for class certification. The county opposed class certification, arguing, among other things, that the employees did not have a private cause of action to redress alleged violations of civil-service protections. The trial court granted the motion for class certification.

{¶ 13} The county appealed the class-certification order to the Eighth District Court of Appeals. The judges of the Eighth District recused themselves, and a panel from the Seventh District Court of Appeals heard the county's appeal. The county again argued that class certification is improper because public

4

employees do not have a private cause of action, apart from remedies provided by statute and the administrative process, to redress alleged violations of civil-service protections. The county also argued that the trial court lacked subject-matter jurisdiction because the plaintiffs' declaratory-judgment actions improperly bypassed the special statutory procedure created in R.C. 124.34 for civil-service employees to appeal a reduction of pay or position. And the county argued that the plaintiffs lacked standing and failed to meet the requirements in Civ.R. 23 for class certification. The court of appeals affirmed the trial court's judgment and certified the following class definition:

> The Court certifies the Binder and Butterfield cases as a class action on the sole issue raised in those cases, the request for a declaration on the alteration of the plaintiffs' work week and whether it had any impact on their rate of pay. The class includes all non-salaried full-time employees of the County who were and are subject to alteration of their work week with the addition of the paid lunch hour each day and the change from a 35-hour work week to a 40-hour work week.

2019-Ohio-1236, 134 N.E.3d 807, ¶ 155.

### QUESTIONS PRESENTED

**{¶ 14}** We accepted the county's discretionary appeal, 157 Ohio St.3d 1495, 2019-Ohio-4840, 134 N.E.3d 1209, which presents four propositions of law:

> 1. R.C. 124.34 does not provide classified civil servants with an independent cause of action in the court of common pleas. As such, Ohio courts lack subject matter jurisdiction to certify a class action under Civ.R. 23 when the cause of action is based upon R.C.

124.34. *Anderson v. Minter*, 32 Ohio St.2d 207, 291 N.E.2d 457 (1972), applied.

2. R.C. 124.34 establishes a specialized statutory proceeding through the State Personnel Board of Review or civil service commission for classified civil service employees to challenge a claimed "reduction in pay." Ohio courts lack jurisdiction over declaratory-judgment proceedings that attempt to bypass the specialized statutory proceeding established under R.C. 124.34. *State ex rel. Albright v. Court of Common Pleas*, 60 Ohio St.3d 40, 572 N.E.2d 1387 (1991), applied.

3. Class action plaintiffs who fail to exhaust available administrative appeals designated to hear their claims necessarily lack standing to pursue those claims in judicial forums.

4. In conducting the required "rigorous analysis" under Civ.R. 23, a court may not disregard the proposed class definition and, sua sponte, certify the ultimate issue for class treatment.

## ANALYSIS

### No right of action under R.C. 124.34

{¶ 15} At the time of their request for class certification, the *Binder* and *Butterfield* plaintiffs asserted two claims in the common pleas court: a claim for declaratory judgment that the county had violated R.C. 124.34 by reducing their compensation and a claim for damages under R.C. 124.34. We conclude, however, that the plain language of R.C. 124.34 does not authorize either claim for relief.

{¶ 16} Plaintiffs who seek recovery in actions based on purely statutory violations must establish that the statute in question provides for a right of action. *Estate of Graves v. Circleville*, 124 Ohio St.3d 339, 2010-Ohio-168, 922 N.E.2d 201, ¶ 24; *see also State ex rel. Bailey v. Ohio Parole Bd.*, 152 Ohio St.3d 426,

2017-Ohio-9202, 97 N.E.3d 433, ¶ 13-14 (dismissing claim for declaratory relief and sanctions against public officials because criminal perjury and falsification statutes do not provide a private right of enforcement).  As with any matter of statutory construction, we look to the express language of the statute to determine whether the General Assembly intended to authorize a civil action in common pleas court for alleged violations of R.C. 124.34.  *See generally Ayers v. Cleveland*, __ Ohio St.3d __, 2020-Ohio-1047, __ N.E.3d __, ¶ 17.

{¶ 17} R.C. 124.34(A) says that no employee or officer employed in the civil service "shall be reduced in pay or position, fined, suspended, or removed, or have the officer's or employee's longevity reduced or eliminated," except for the reasons enumerated in the statute, and those reasons include incompetency, inefficiency, unsatisfactory performance, dishonesty, neglect of duty, violation of any policy or work rule, acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony while employed in the civil service.

{¶ 18} In case of a reduction in pay or position, "the appointing authority shall serve the employee with a copy of the order of reduction," and the order "shall state the reasons for the action."  R.C. 124.34(B).  Within ten days of the date on which the order is served, the employee

> may file an appeal of the order in writing with the state personnel board of review or the [local civil service] commission.  * * * If an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, the appeal within thirty days from and after its filing with the board or commission.  The board, commission, or trial board may affirm, disaffirm, or modify the judgment of the appointing authority. * * *

> In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the commission, and any such appeal shall be to the court of common pleas of the county in which the appointing authority is located, or to the court of common pleas of Franklin county, as provided by section 119.12 of the Revised Code.

*Id.*

{¶ 19} While the statute establishes an administrative scheme in which an aggrieved employee can appeal a reduction in pay to the SPBR or the applicable civil-service commission, we see no language in R.C. 124.34, or elsewhere in R.C. Chapter 124, demonstrating the General Assembly's intent to authorize a civil action in common pleas court for violations of the statute. Had the General Assembly intended to allow civil actions as an avenue of redress, it could have said so expressly, as it has in other instances.

{¶ 20} The General Assembly has, for example, created an administrative scheme in R.C. Chapter 4112 by which aggrieved employees can present their claims for employment discrimination to the Ohio Civil Rights Commission. *See* R.C. 4112.05. The legislature also added a provision expressly authorizing a civil suit in common pleas court for violations of R.C. Chapter 4112: "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." R.C. 4112.99; *see also* R.C. 4112.051. An employee claiming discrimination in violation of R.C. Chapter 4112 therefore has two avenues of recovery: administrative relief or a civil suit filed in common pleas court. *Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420, ¶ 30. By contrast, appellees here cannot point to any provision in R.C. Chapter 124 authorizing an independent cause of action for violations of R.C. 124.34.

{¶ 21} Our conclusion here is also consistent with *Anderson v. Minter*, 32 Ohio St.2d 207, 212, 291 N.E.2d 457 (1972), in which this court held that former R.C. 143.27, Am.Sub.S.B. No. 271, 132 Ohio Laws, Part I, 163-164, the predecessor to R.C. 124.34, did not authorize an independent action in common pleas court testing the legality of the suspension of a civil-service employee. The statute provided for an appeal to SPBR of a suspension of more than five working days, but said nothing about suspensions of five days or fewer. *Id*. at 210. In the absence of express statutory language authorizing an independent cause of action in common pleas court, this court concluded that plaintiff's complaint for declaratory relief and compensatory damages failed to state a cause of action. *Id* at 212.

{¶ 22} Likewise, we conclude here that R.C. 124.34 does not authorize civil-service employees to file a civil action in common pleas court for an alleged reduction in pay in violation of R.C. 124.34. Because appellees' complaints for declaratory relief and damages do not state a cause of action for which relief may be granted, the trial court erred in certifying a class based on those claims.

### The common pleas court's subject-matter jurisdiction

{¶ 23} While our holding disposes of the county's remaining arguments, we address a point of contention raised in the county's first and second propositions of law: whether the trial court lacked subject-matter jurisdiction over the appellees' lawsuits. When we have found that a court of common pleas lacks jurisdiction, "it is almost always because a statute explicitly removed that jurisdiction." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9. Here, we do not find any language in R.C. Chapter 124 divesting common pleas courts of their general jurisdiction. While the common pleas court lacks the legal authority to grant the relief sought by the *Binder* and *Butterfield* plaintiffs, it nevertheless has subject-matter jurisdiction to hear the cases.

{¶ 24} The Ohio Constitution confers on the courts of common pleas "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article IV, Section 4(B). With limited exceptions, R.C. 2305.01 grants the courts of common pleas subject-matter jurisdiction over "all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." Because of this general grant of jurisdiction, "a court of common pleas has jurisdiction over any case in which the matter in controversy exceeds the jurisdictional limit unless some statute takes that jurisdiction away." *Ruehlman* at ¶ 9.

{¶ 25} In *Pivonka v. Corcoran*, ___ Ohio St.3d __, 2020-Ohio-3476, __ N.E.3d __, we concluded that the common pleas court lacked subject-matter jurisdiction over a class action seeking declaratory relief and the recovery of overpayments to the Department of Medicaid because the statute that created an administrative-review process for Medicaid participants expressly provides that the administrative procedure is "the sole remedy" for challenging an overpayment. *Id.* at ¶ 23, quoting R.C. 5160.37(P). *See also State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188 (dismissing mandamus complaint for lack of jurisdiction because R.C. 3517.151(A) expressly provides that complaints regarding alleged campaign finance violations "*shall* be filed with the Ohio elections commission." (Emphasis added.) *Id*. at ¶ 10.

{¶ 26} By contrast, R.C. 124.34 does not contain any express statutory language removing common pleas courts' general jurisdiction. If there is a reduction in pay, R.C. 124.34(B) provides that an aggrieved civil-service employee "*may* file an appeal of the order in writing with the state personnel board of review or the commission." (Emphasis added.) Unlike the elections-commission statute we reviewed in *Blackwell*, R.C. 124.34 does not mandate the filing of claims with the administrative body. And in contrast to the Medicaid-overpayment statute in

*Pivonka*, there is no express language stating that the administrative process in R.C. 124.34 is the sole or exclusive remedy available to aggrieved employees.

{¶ 27} While R.C. 124.34 does not divest common pleas courts of their general subject-matter jurisdiction, appellees' claims here for declaratory relief and damages ultimately fail because R.C. 124.34 does not authorize that relief. Stated another way, appellees' complaints do not present a jurisdictional defect, but rather a failure to state a claim for which relief can be granted.

## CONCLUSION

{¶ 28} We conclude that R.C. 124.34 does not authorize civil-service employees to file a civil action in common pleas court for an alleged reduction in pay in violation of R.C. 124.34. Because appellees' complaints for declaratory relief and damages do not state a cause of action for which relief may be granted, the trial court erred in certifying a class based on those claims. We therefore reverse the judgment of the Eighth District, vacate the trial court's class-certification order, and remand the matter to the trial court for proceedings consistent with our decision.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, DEWINE, and CROUSE, JJ., concur.

FISCHER and DONNELLY, JJ., concur in judgment only.

CANDACE C. CROUSE, J., of the First District Court of Appeals, sitting for STEWART, J.

_____

The Roberts Law Firm and Kevin T. Roberts; and Cohen, Rosenthal & Kramer, L.L.P., Joshua R. Cohen, and Ellen M. Kramer, for appellees.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and David G. Lambert and Brian R. Gutkoski, Assistant Prosecuting Attorneys, for appellant.

Bricker & Eckler, L.L.P., and Brad E. Bennett, urging reversal for amici curiae County Commissioners Association of Ohio, Ohio Municipal League, Ohio Public Employer Labor Relations Association, and Ohio Job and Family Services Directors' Association.

_____