[Cite as *Cleveland Police Patrolmen's Assn. v. Cleveland*, 2023-Ohio-71.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CLEVELAND POLICE PATROLMEN'S ASSOCIATION, ET AL., | : | |
| Plaintiffs-Appellees, | : | No. 111419 |
| v. | : | |
| CITY OF CLEVELAND, ET AL., | : | |
| Defendants-Appellants. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND VACATED
**RELEASED AND JOURNALIZED:** January 12, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-868707

### *Appearances:*

Jaime P. Serrat, LLC, and Marisa L. Serrat, *for appellees.*

Mark D. Griffin, City of Cleveland Director of Law, and William M. Menzalora, Chief Assistant Director of Law, *for appellants.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} The city of Cleveland, former Public Safety Director Michael McGrath, and former Chief of Police Calvin Williams (collectively "the City") appeal the decision of the trial court ordering the City "to comply with City of Cleveland

Civil Service Rule 9.23," which disposed of the Cleveland Police Patrolmen's Association's ("CPPA") action seeking a declaration of rights on behalf of one police officer under R.C. Chapter 2721. For the following reason, the decision of the trial court is reversed and vacated: the CPPA cannot use the Declaratory Judgment Act to circumvent binding contractual and administrative procedures. Because the relief the CPPA sought is not contemplated under R.C. Chapter 2721, the trial court should have dismissed the action.

{¶ 2} In May 2016, Satari Smith was a police officer with over 16 years of service. Public Safety Director McGrath preferred charges under the City of Cleveland Rules of the Civil Service Commission ("Commission Rules") by issuing a charging letter to Officer Smith, delineating four specifications of misconduct that were subject to a suspension exceeding ten days. The Commission Rules were contemplated under Article XXIX of the collective bargaining agreement and McGrath, as the then public safety director, was "responsible for more severe disciplinary penalties [(greater than ten days)] * * *." Under the applicable Commission Rules, Officer Smith was entitled to a pre-disciplinary hearing before McGrath, who would render a decision on the misconduct and punishment. Following the hearing, McGrath imposed a 15-day suspension for Officer Smith's misconduct.

{¶ 3} Under the relevant terms of the collective bargaining agreement between the CPPA and the City, the CPPA had the right to file a grievance based on McGrath's decision, and to ultimately seek binding arbitration over the dispute

should the grievance prove unsuccessful. That procedure is mandatory. Under Article XXIX of the collective bargaining agreement, "*[a]ll* decisions of the Director of Public Safety [(then McGrath)] *shall* be subject to the Grievance Procedure" as delineated in Article XXII. (Emphasis added.) *Id.* The record does not reflect that Officer Smith or the CPPA challenged the results of the first disciplinary proceeding that led to the 15-day suspension.

{¶ 4} In August 2016, McGrath preferred charges for misconduct occurring before the date of the previous pre-disciplinary hearing. The punishment included the possibility of a greater than ten-day suspension, and therefore, the pre-disciplinary hearing was set to occur before McGrath on September 2, 2016. At that hearing, Officer Smith, represented by counsel through the CPPA, advised McGrath that it had filed an objection to the charges based on Commission Rule 9.23, which provides:

> 9.23 Preferring of All Charges Against Officer or Employee
>
> When the appointing authority or secretary of a board or commission prefers charges against an employee, pursuant to Rule 9.10, he/she shall, at the time, set forth all charges that can or may be preferred against such officer or employee, up to the time of charging, or such appointing authority or secretary of a board or commission shall thereafter be barred from preferring charges which arose prior to the notice to such officer or employee, except those charges which cannot with reasonable diligence be discovered or known.

According to Officer Smith, the investigation into the new allegations of misconduct had been ongoing at the time of the previous pre-disciplinary hearing, and therefore, the City knew about the misconduct and was required to bring all charges in the

earlier proceeding. "By preferring charges against Officer Smith i.e. issuing an administrative charging letter for conduct which predated her previous discipline that the City knew about, the City was in clear violation of Rule 9.23." Appellee Brief p. 20-21. McGrath deferred on considering the objection, stating that he had no prior opportunity to review the objection but would consider it after conducting the hearing as previously set. Smith did not object to McGrath's decision to continue with the hearing before considering the objections.

{¶ 5} Instead of waiting for McGrath's decision and following the grievance procedure to challenge any resulting decision, the CPPA filed the underlying action under R.C. Chapter 2721, five days after the pre-disciplinary hearing was conducted. As set forth in the complaint, the CPPA asked the trial court to essentially rule on its objection then under consideration by McGrath, asking that the preferred charges be dismissed based on the CPPA's interpretation of Commission Rule 9.23. No one disputes that Commission Rule 9.23 applies or contends that there is any ambiguity in the meaning or construction of the rule.

{¶ 6} In fact, in the underlying complaint, the CPPA's request for relief was limited to seeking a declaration that (1) Commission Rule 9.23 "prohibits [the City] from implementing administrative discipline referred in an untimely manner"; (2) Commission Rule 9.23 prohibits the preferring of charges for conduct that occurred before a pre-disciplinary hearing; (3) Commission Rule 9.23 "applies the principles of res judicata and/or collateral estoppel"; and (4) the City's conduct violates Commission Rule 9.23. The first three requests are largely undisputed: the

City agrees that Commission Rule 9.23 prohibits the preferring of charges in certain situations as expressly set forth in the rule and otherwise is similar to the judicial concepts of claim or issue preclusion. The parties' disagreement solely focuses on whether the appointing authority knew that other charges could have been preferred at the first pre-disciplinary hearing in order to warrant the dismissal of the charges at the later hearing. In other words, the dispute focused on whether the director of public safety knew or should have known that other charges could have been preferred at the earlier hearing to implicate claim preclusion in the later disciplinary proceeding.

{¶ 7} On November 9, 2021, the trial court issued its findings of facts and conclusions of law and ordered the City "to comply with Cleveland Civil Commission Rule 9.23" and as a result of the failure to comply, the City is "barred from proceeding with the August 17, 2016 disciplinary charges against Patrol Officer Satari Smith." The trial court's decision, importantly, did not determine the construction or legal validity of Commission Rule 9.23. Instead, the trial court simply rendered a decision as to whether the rule applied to the particular facts as established by the parties.

{¶ 8} In this timely appeal of that decision, the City raises several arguments challenging the trial court's subject-matter jurisdiction: that the action pertains to issues arising under R.C. Chapter 4117, which is within the exclusive jurisdiction of the State Employment Relations Board; that the CPPA lacks standing to seek declaratory relief on behalf of a nonparty; or that the CPPA failed sufficiently

to advance a claim cognizable under the Declaratory Judgment Act. The latter argument has merit and, therefore, is dispositive notwithstanding all other arguments advanced. App.R. 12(A)(1)(c).

{¶ 9} In order to sustain a claim under the Declaratory Judgment Act, R.C. Chapter 2721, "a party must establish: (1) a real controversy exists between the parties; (2) the controversy is justiciable; and (3) speedy relief is necessary to preserve the rights of the parties." *M6 Motors, Inc. v. Nissan of N. Olmsted, LLC*, 2014-Ohio-2537, 14 N.E.3d 1054, ¶ 19 (8th Dist.), citing *Burger Brewing Co. v. Ohio Liquor Control Comm.*, 34 Ohio St.2d 93, 97, 296 N.E.2d 261 (1973); *Haley v. Bank of Am.*, 8th Dist. Cuyahoga No. 98207, 2012-Ohio-4824, ¶ 11; *GMS Mgt. Co. v. Ohio Civ. Rights Comm.*, 2016-Ohio-7486, 64 N.E.3d 1025, ¶ 28 (8th Dist.). The failure to do so results in dismissal of the action. "A trial court's determination regarding the justiciability of a declaratory judgment action is reviewed for an abuse of discretion." *Id.*, citing *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, 972 N.E.2d 586, ¶ 13. "An abuse of discretion over discretionary matters is more than mere error in judgment, it implies that the court's attitude is 'unreasonable, arbitrary, or unconscionable.'" *Continuum Transp. Servs. v. Elite Internatl. Corp., L.L.C.*, 8th Dist. Cuyahoga No. 111261, 2022-Ohio-3738, ¶ 23, citing *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997). However, a trial court does not have discretion to misapply the law. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 38; *but see State*

*v. Hatton*, Slip Opinion No. 2022-Ohio-3991, ¶ 29 (an abuse of discretion is more than an error of law).[1]

{¶ 10} Declaratory-judgment actions are a special remedy not available at common law or at equity. "A declaratory judgment action is a creature of statute" as set forth under R.C. 2721.01 through 2721.15. *Galloway v. Horkulic*, 7th Dist. Jefferson No. 02 JE 52, 2003-Ohio-5145, ¶ 21. Because declaratory judgments were unknown at common law, jurisdiction to hear this type of relief is dependent on statutory authorization. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 22, 540 N.E.2d 266 (1989), citing *Ohio Farmers Ins. Co. v. Heisel*, 143 Ohio St. 519, 521, 56 N.E. 2d 151 (1944).

{¶ 11} R.C. 2721.03 provides that any person interested under a deed, will, written contract, or other writing constituting a contract, or any party whose rights are affected by a statute or rule may bring an action to determine "any question of construction or validity arising under" the writing, instrument, statute, or rule. "The essence of the proceeding is a determination of construction or validity" of a writing, statute, or rule. *Kim's Auto & Truck Serv. v. Toledo*, 172 Ohio App.3d 1, 2007-Ohio-2260, 872 N.E.2d 1245, ¶ 15 (6th Dist.), citing *Heisel* at paragraph three of the syllabus. A declaratory-judgment action is generally independent from any administrative or statutory proceedings and cannot be used to review an administrative order or decision. *Kreinest v. Planning Comm. of Maineville*, 12th

---

[1] *Hatton* did not overrule or otherwise call into question the holding in *Johnson*.

Dist. Warren No. CA2014-06-087, 2015-Ohio-1178, ¶ 23, citing *Karches v. Cincinnati*, 38 Ohio St.3d 12, 16, 526 N.E.2d 1350 (1988); *Galion v. Am. Fedn. & Mun. Emps., Ohio Council 8, AFL-CIO, Loc. No. 2243*, 71 Ohio St.3d 620, 623, 646 N.E.2d 813 (1995) (declaratory-judgment actions are not appropriate if there are statutory procedures available, and therefore, a party cannot seek declaratory relief to challenge arbitration decisions since R.C. Chapter 2711 provides the pertinent avenue of relief).

{¶ 12} In this case, assuming for the sake of discussion that the Civil Service Commission Rules are "rules" as contemplated under R.C. 2721.03,[2] the administrative rule cannot be enforced by the trial court within the scope of a declaratory-judgment action. As the City argues, the trial court did not declare the validity or construction of the rule in rendering its final decision. A declaratory-judgment action, to be well-pleaded, must seek a declaration as to the validity or construction of the rule in question upon which a dispute actually exists.

---

[2] Absent the presumption that the Commission Rules are "rules" contemplated under R.C. 2721.03, the underlying action filed exclusively under the Ohio's Declaratory Judgment Act would be improper on its face. *See, e.g.*, *Festi v. Ohio Adult Parole Auth.*, 10th Dist. Franklin No. 04AP-1372, 2005-Ohio-3622, ¶ 12 (parole guidelines are not adopted as formal rules and, therefore, cannot be the subject of a declaratory judgment action); *State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 16. The CPPA did not respond to the City's argument with respect to whether the Commission Rules constitute a "rule" as contemplated under the Declaratory Judgment Act, and as a result, our analysis could simply end here. App.R. 16(A)(7); *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19 (appellate courts are not required to create arguments on behalf of parties), quoting *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part). In light of the potential magnitude of declaring that Commission Rules can never be reviewed under the Declaratory Judgment Act, the disposition will focus on the narrower issue of whether the CPPA properly invoked the Declaratory Judgment Act in this particular case.

{¶ 13} As is pertinent to this case, under Article XXIX of the collective bargaining agreement, the CPPA bargained away a police officer's right to appeal the administrative decision of the director of public safety under the Civil Service Commission Rules, an appeal that would be heard by the Civil Service Commission,[3] in favor of a grievance procedure that includes binding arbitration as the forum of last resort. It is undisputed that the director of public safety has authority to consider and administer disciplinary decisions for suspensions lasting more than ten days, such as the ones being considered in the September 2016 pre-disciplinary hearing. Under the unambiguous terms of the collective bargaining agreement, "all decisions" of the director of public safety, in this case McGrath, are subject to the Grievance Procedure provisions contained within that same agreement.

{¶ 14} By filing the complaint seeking declaratory relief before McGrath could render a decision on the disciplinary issue, the CPPA asked the trial court to essentially usurp the authority of the director of public safety to render a decision on the preferred charges, including applicability of Commission Rule 9.23, thereby circumventing the grievance procedure and any binding arbitration attendant to that grievance procedure. The complaint in this case did not seek any declaration as to the construction or validity of Commission Rule 9.23, but instead impermissibly asked the trial court to intervene into the administrative and

---

[3] *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 141 Ohio St.3d 113, 2014-Ohio-4364, 22 N.E.3d 1040, ¶ 7 (Commission Rule 9.60 provides a civil service employee the right to file an appeal to the civil service commission following the conclusion of pre-disciplinary process).

collective bargaining process by rendering its conclusion as to whether Commission Rule 9.23 applied to the facts presented to McGrath at the pre-disciplinary hearing. This is well beyond the scope of the R.C. Chapter 2721. When the scope of the Declaratory Judgment Act is exceeded, the proper remedy is to dismiss the action. *Tabbaa v. Lexpro, L.L.C.*, 8th Dist. Cuyahoga Nos. 109690 and 109691, 2020-Ohio-5514, ¶ 6; *see also State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 16 (since the action under the Declaratory Judgment Act impermissibly sought to declare the meaning of a sentencing entry, a declaration not cognizable under R.C. 2721.03, that action had no preclusive effect on later proceedings); *Binder v. Cuyahoga Cty.*, 161 Ohio St.3d 395, 2020-Ohio-5126, 163 N.E.3d 554, ¶ 15.

{¶ 15} On this point, the CPPA claims that the grievance procedure could not be used to challenge McGrath's decision with respect to Commission Rule 9.23 following the September 2016 pre-disciplinary hearing. The CPPA provides no citation to the record or to any relevant authority to support that argument. On the contrary, the undisputed evidence from the trial conducted upon the declaratory-judgment action, testimony from the then current president of the CPPA, Jeff Follmer, the CPPA had the right to challenge any decision by McGrath regarding the disciplinary process through the grievance procedure, including challenges based on the Commission Rules themselves. Tr. 40:13-41:11; 54:13-16. Under the express terms of the grievance procedure in the collective bargaining agreement, the ultimate forum to resolve any grievance dispute lies in an arbitration proceeding.

*Id.* The CPPA's claims are not within the scope of the Declaratory Judgment Act, especially because they impermissibly circumvent administrative and binding contractual obligations that provide the avenue and forum for dispute resolution of all disciplinary matters arising from the decision of the public safety director.

{¶ 16} Further, the CPPA claims that the declaratory-judgment action is necessary to enforcing Commission Rule 9.23, a claim outside the scope of R.C. Chapter 4117, because under R.C. 4117.10(A), it is permitted to maintain an independent legal action to enforce the Commission Rules. This argument also misses its mark. A similar argument, in favor of permitting civil service employees to file a declaratory-judgment action to enforce civil service commission rules, was previously rejected by the Ohio Supreme Court. *Binder* at ¶ 15. In that case, the employees filed a declaratory-judgment action seeking to declare that Cuyahoga County violated R.C. 124.34 by reducing compensation following the political restructuring of the county government. *Id.* In *Binder*, it was held that civil service employees cannot state a claim for relief under R.C. Chapter 2721 for the purposes of maintaining an action unless the applicable statutory procedure permits such an action. *Id.* at ¶ 22. Because R.C. 124.34 contained no enforcement provision, R.C. Chapter 2721 could not be used to create that enforcement mechanism. In that case, it was concluded that absent a cognizable claim for declaratory relief, the trial court erred in considering the merits of the claims asserted pertaining to the wage disputes between the civil service employees and the county government. *Id.* Because

Commission Rule 9.23 contains no provision authorizing an action to enforce the rule, the CPPA cannot rely on R.C. Chapter 2721 as an enforcement mechanism.

{¶ 17} Moreover, CPPA's argument ignores the pertinent language of R.C. 4117.10(A): if a collective bargaining agreement "provides for a final and binding arbitration of grievances, public employers, employees, and *employee organizations* are subject solely to that grievance procedure" and neither the state personnel board of review nor civil service commissions have jurisdiction determine any appeals. (Emphasis added.) *Id.* Thus, according to the statutory provision cited by the CPPA, its exclusive remedy to seek enforcement of Commission Rule 9.23 rested within the grievance procedure.

{¶ 18} In this case, the Commission Rules as referenced within the pertinent provisions of the collective bargaining agreement provide the Public Safety Director with authority to consider disciplinary matters. Unlike other civil service employees, police officers are subject to the collective bargaining agreement, which creates a grievance procedure to review "all" disciplinary decisions of the public safety director. Because the collective bargaining agreement used the word "all" in describing which decisions of the public safety director are governed by the grievance procedure, that phrase must be considered broad enough to encompass any affirmative defenses raised challenging the preferred charges. Any determination with respect to the applicability of Commission Rule 9.23 must, therefore, occur through that process. This is especially compelling because the CPPA has expressly compared Commission Rule 9.23 to the doctrine of res judicata;

an affirmative defense that can only be raised before the tribunal or forum with authority to consider the underlying claim. *State ex rel. McGirr v. Winkler*, 152 Ohio St.3d 100, 2017-Ohio-8046, 93 N.E.3d 928, ¶ 17 (res judicata is an affirmative defense, and the tribunal must first possess jurisdiction in order to resolve the applicability of the doctrine), citing *State ex rel. Lipinski v. Cuyahoga C.P., Probate Div.*, 74 Ohio St.3d 19, 20-21, 655 N.E.2d 1303 (1995), and *State ex rel. Flower v. Rocker*, 52 Ohio St.2d 160, 162, 370 N.E.2d 479 (1977).

{¶ 19} The trial court erred as a matter of law by entertaining the merits of the arguments presented by the CPPA based on claims not cognizable under R.C. Chapter 2721. The complaint did not set forth any request for a declaration as to the construction or validity of Commission Rule 9.23 because those rights were clear and uncontested; the preclusionary rule applied unless the appointing authority, with reasonable diligence, could not have discovered or known of the misconduct. The City did not dispute the validity of Commission Rule 9.23, merely its application to the particular facts. The underlying action instead solely sought judicial intervention into an administrative and contractual process, a thinly veiled attempt to circumvent the public safety director's authority to consider and decide the disciplinary claims against Officer Smith subject only to the grievance and arbitration procedures set forth in the collective bargaining agreement. That relief is not cognizable under the Declaratory Judgment Act, and therefore, the action should have been dismissed.

{¶ 20} The judgment of the trial court is reversed and vacated, and CPPA's claims against the City should be dismissed.

It is ordered that appellants recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, A.J., and
EILEEN A. GALLAGHER, J., CONCUR